**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONNY SIUN HOK TJAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-73071

Agency No. A099-735-195

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Donny Siun Hok Tjan, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Tjan testified he was robbed three times as a youth and was beaten up once while working as a rent collector for a commercial property owner. Substantial evidence supports the agency's finding that the harm Tjan suffered was not on account of his ethnicity, religion, or other protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts bore no nexus to race). Substantial evidence also supports the agency's finding that Tjan failed to establish sufficient individualized risk of harm under a disfavored group analysis to establish a well-founded fear of persecution. *See Halim v. Holder*, 590 F.3d 971, 977-979 (9th Cir. 2009); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004).

Because Tjan failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**